IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MAJED TOMEH
3215 Pauline Drive
Chevy Chase, MD 20815

       Plaintiff,

v.

VERIPHYR, INC.
1460 Holly Ave.
Los Altos, California 94024

       Defendant.

Civil Action No. _____

## COMPLAINT

Plaintiff Majed Tomeh, by counsel, brings this action against the defendant, Veriphyr, Inc., and in support thereof alleges as follows:

## PARTIES

1. Plaintiff Majed Tomeh is an individual residing in the State of Maryland. He is a former employee of Veriphyr.

2. Veriphyr is a California corporation, with its principal place of business in Los Altos, California. Veriphyr is an employer as defined by the Fair Labor Standards Act ("FLSA").

## JURISDICTION AND VENUE

3. Subject matter jurisdiction is proper in this Court pursuant to 42 U.S.C. § 12101 *et seq.*, as this case arises under federal law.

4. Personal jurisdiction is proper in this Court under Section 6-103(a)(1) of the Courts and Judicial Proceedings Article of the Maryland Annotated Code.

5. Venue is proper in this Court under 28 U.S.C. §1391(a).

## FACTS COMMON TO ALL COUNTS

6. Veriphyr is an information technology start-up company located in Silicon Valley.

7. Mr. Tomeh provided services to Veriphyr at varying levels of activity from 2013 until 2020.

8. In Spring 2017, Mr. Tomeh was assigned the title of Veriphyr's CFO.  He was employed in that capacity for approximately three years at a base salary of $224,000.00, plus an additional amount to be paid in stock options.

9. Veriphyr failed to make any cash salary payments to Mr. Tomeh while he was working as the company's CFO.

10. Mr. Tomeh has requested, through counsel, that Veriphyr compensate him for unpaid wages, but Veriphyr has failed to do so.

## COUNT I
## FLSA- UNPAID WAGES

11. The plaintiff adopts by reference all of the factual allegations contained in the preceding paragraphs as if the same were fully set forth herein.

12. Veriphyr is subject to the obligations and requirements of the FLSA.

13. Plaintiff worked for Veriphyr, often in excess of forty hours per week, on a consistent basis but was not properly paid any wages, including overtime wages, in violation of the FLSA.

WHEREFORE, Plaintiff demands judgment in an amount greater than $650,000 against Defendant in compensatory damages, attorneys' fees, interest, costs, and any and all other relief deemed appropriate by this Court.

Respectfully Submitted,


 /s/ Neil S. Hyman
Neil S. Hyman, Esquire
Bar No. 15158
Law Office of Neil S. Hyman, LLC
4520 East West Highway, Suite 700
Bethesda, Maryland 20814
(301) 841-7105
neil@neilhymanlaw.com