# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
### Southern Division

|  |  |  |
|---|---|---|
| **MAJED TOMEH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. CBD-21-2914** |
| | ) | |
| **VERIPHYR, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

On November 12, 2021, Plaintiff Majed Tomeh ("Plaintiff") brought claims for unpaid wages and overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and Maryland Law.[1]  On November 16, 2021, the parties submitted a Joint Motion for Settlement Approval and Dismissal ("Joint Motion"), ECF No. 6.  The parties also filed a Joint Motion to Seal the preceding document.  ECF No. 7.  The parties' settlement agreement ("Settlement Agreement") states that Defendant will pay a total sum of $100,000.00, which represents $70,000.00 to Plaintiff for unpaid wages and $30,000 in attorney's fees and costs to Plaintiff's counsel.  The Court has reviewed the motions, the attached exhibits, and the applicable law.  For the following reasons, on this 3rd day of January 2022, the Court hereby **DENIES WITHOUT PREJUDICE** both motions.

---

[1] Plaintiff failed to reference in his Complaint, as well as the Joint Motion, which specific Maryland code or codes, he seeks relief from.  *See generally* Compl.; J. Mot. ¶ 2.

It is well-settled that the public has a right of access to judicial documents and records. *Fonseka v. AlfredHouse ElderCare, Inc.*, No. GJH-14-3498, 2015 WL 3457224, at *1 (D. Md. May 28, 2015) (citing *Doe v. Public Citizen,* 749 F.3d 246, 265 (4th Cir.2014)).  In this District, for the Court to seal judicial documents, the parties must provide a sufficient basis to justify the sealing.  *See* Loc. R. 105.11 (D. Md.).

> While parties may generally agree to keep settlement documents confidential, court approval of settlement is required in FLSA cases, and 'the approval process is a judicial act and any document reflecting the terms of the settlement and submitted to the court is a judicial document to which the presumption of access likely applies.'

*Id.* at 3 (citing *Monzon v. Gali Serv. Indus., Inc.,* 2015 WL 1650167 at * 3 (D. Md. Apr.13, 2015) (citations and internal quotation marks omitted)).

Here, the parties filed the Joint Motion as a sealed document and they also filed a Joint Motion to Seal the Joint Motion.  The parties have not provided any compelling reasons that justify sealing the documents at this time.  The Joint Motion is also insufficient as presented.  It is the Court's responsibility to review FLSA settlement agreements for reasonableness. *Gionfriddo v. Jason Zink, LLC*, No. Civ. A. RDB-09-1733, 2011 WL 2791136, at *2 (D. Md. July 15, 2011) ("Settlement agreements that resolve claims pursuant to the FLSA must receive court approval.") (citations omitted).  The Joint Motion before the Court contains insufficient information by which the Court might assess its "reasonableness" under the factors identified in *Saman v. LBDP, Inc.*, Civ. No. A. DKC-12-1083, 2013 WL 2949047 (D. Md. June 13, 2013). Specifically, the parties failed to adequately discuss: the experience of counsel in relation to FLSA claims[2]; the opinions of counsel regarding the likelihood success; the probability of Plaintiffs' success on the merits; the extent of Plaintiffs' knowledge of whether Plaintiff could

---

[2] Plaintiff's counsel failed to provide a resume, declaration, or any information in the joint filing, to provide the Court with how much experience Plaintiff's counsel has with litigating FLSA cases or any cases at all.

2

prove damages regarding his annual salary and any overtime compensation; and the amount of settlement in relation to Plaintiff's alleged damages, including why the settlement is so far off from Plaintiff's alleged damages. Plaintiff's counsel also failed to provide any evidence that he is entitled to the requested amount of attorney's fees, nor why he is entitled to attorney's fees at a rate of $565 per hour.[3]

Although the parties negotiated a settlement, the Court still needs to determine whether the settlement is fair and reasonable under the *Saman* test.

For the foregoing reasons, the Court **DENIES** the Joint Motion and the Motion to Seal without prejudice. The parties have (7) days from the date of this order to withdraw their motions in ECF Nos. 6 and 7. If the motions are not withdrawn within that time, the Joint Motion and accompanying motion to seal will be unsealed. Counsel are permitted to submit supplemental documentation, addressing the requested information, within (14) days of this Order.

January 3, 2022                               /s/
                                    Charles B. Day
                                    United States Magistrate Judge

CBD/pjkm

---

[3] Plaintiff's counsel failed to provide a billing statement, report, or any information in the Joint Motion for the Court's review to determine how many hours Plaintiff's counsel worked on this case. The Court cannot conduct a reasonable independent assessment of attorney's fees under *Saman*, 2013 WL 2949047, at *3 (quoting *Lane,* 2011 WL 3880427, at *3), because Plaintiff's Counsel also addressed none of the factors listed under *Barber v. Kimbrell's, Inc.,* 577 F.2d 216, 226 n.28 (4th Cir. 1978)).