IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MAJED TOMEH<br><br>    Plaintiff,<br><br>v.<br><br>VERIPHYR, INC.<br><br>    Defendant. | Civil Action No. 8:21-cv-02914-CBD |

## JOINT MOTION FOR JUDICIAL APPROVAL OF SETTLEMENT AND DISMISSAL

The parties, through counsel, jointly move for judicial approval of the settlement of Plaintiff Majed Tomeh's ("Plaintiff" or "Mr. Tomeh") claims against Defendant Veriphyr, Inc. ("Defendant" or "Veriphyr") and dismissal, with prejudice, of this lawsuit. In support of this Motion, the parties state as follows:

  1. Mr. Tomeh provided services to Veriphyr at varying levels of activity from 2013 until 2020.

  2. Mr. Tomeh, though his counsel, Neil Hyman, has asserted claims against Veriphyr for unpaid wages and overtime under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). Mr. Tomeh alleges that he was a Veriphyr employee during the relevant time period (10/31/2018-2/29/2020), and that during that time he was never paid any wages. He contends that when he became a full time employee as Veriphyr's CFO in October, 2018, the parties agreed that he would be paid a base salary of $224,000, plus an additional amount to be paid in stock options. He never received any cash salary payments and seeks damages in the amount of $300,000. Veriphyr disputes the legal and factual bases for the claims asserted by Mr.

Tomeh. Mr. Tomeh is the brother-in-law of Veriphyr's CEO and founder. Veriphyr contends that at all times Mr. Tomeh worked as an independent contractor and, therefore, is not entitled to wages or overtime under the FLSA. When Mr. Tomeh became Veriphyr's CFO in Spring 2017, he never requested that Veriphyr memorialize any compensation arrangement with him as a successor to his original agreement to be a contractor paid in stock options (with the exception of the cash for sales work performed in the Fall of 2015). Instead, he verbally requested additional stock option compensation as his sole compensation and was ultimately granted the most generous stock options package of anyone in the company. Veriphyr relied on Mr. Tomeh's expertise in sweat equity arrangements and believed in good faith that it was properly classifying him as an independent contractor. If Veriphyr did misclassify Mr. Tomeh as an independent contractor, its position is that Mr. Tomeh would be entitled to no more than minimum wage for hours worked. The parties never agreed that Mr. Tomeh would be compensated by a cash salary and, consequently, never agreed to a salary amount. Veriphyr estimates that Mr. Tomeh worked 2,493 hours during the relevant time period. If he were an employee, the minimum wage owed to Mr. Tomeh during the relevant time was between $12-$13.00/hour, depending on the year, and Veriphyr estimates that Mr. Tomeh would be owed approximately $31,972, including overtime for weeks in which he worked over 40 hours.

3. As a result of negotiations between the parties' respective counsel, the parties agreed to a settlement of Mr. Tomeh's claims against Veriphyr, including the FLSA claims.

4. Under the terms of the settlement, Veriphyr has agreed to pay $100,000 in satisfaction of all claims asserted by Mr. Tomeh. The settlement proceeds are to be paid as follows:

    a. $70,000 to plaintiff for unpaid wages; and

     b. $30,000 to the Law Office of Neil S. Hyman for attorneys' fees.

  5.  The parties memorialized the terms of the settlement in a Settlement Agreement and Release (the "Settlement Agreement"). The parties subsequently entered into a First Addendum to Settlement Agreement and Release (the "First Addendum"), whereby they agreed to strike the confidentiality provision of the Settlement Agreement. The Settlement Agreement and the First Addendum are collectively attached as Exhibit A.

  6.  The settlement requires court approval in accordance with 29 U.S.C. § 216.

  7.  As part of the settlement, the parties have agreed to jointly seek court approval.

  8.  Accordingly, and for the purposes of obtaining the required court approval, on November 12, 2021, Mr. Tomeh filed suit against Veriphyr alleging violations of FLSA. (ECF No. 1.) Mr. Tomeh filed an amended complaint on March 16, 2022. (ECF No. 19.)

  9.  Veriphyr has answered Mr. Tomeh's amended complaint denying all material allegations, contesting damages, and asserting affirmative defenses. (ECF No. 22.)

  10.  The parties jointly move before this Court to approve the settlement under the terms set forth in Exhibit A. The parties submit that the settlement is fair and reasonable, reflects a reasonable compromise of issues actually in dispute, and was reached in an adversarial context in which both parties were represented by competent and experienced counsel.

  11.  FLSA claims may be settled by parties where they are approved by a court. *Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 460 (4th Cir. 2007). Settlements should be approved when they reflect a fair and reasonable resolution of a *bona fide* dispute. *See Blasic v. Md. State Dental Ass'n*, 2020 U.S. Dist. LEXIS 59382, at *3 (D. Md. Apr. 3, 2020). Where, as here, legal counsel experienced with FLSA claims independently review the available records

and come to an arms-length negotiated resolution representing complete relief, the fairness and reasonableness of the settlement is beyond dispute.

12. Courts generally consider the following factors in reviewing an FLSA settlement:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of class counsel …; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Id.* (quoting *Lomascolo v. Parsons Brinckerhoff, Inc.*, 2009 WL 3094955, at *10-11 (E.D. Va. 2009) (internal quotation marks omitted)).

13. The resolution here is a fair and reasonable resolution of a *bona fide* dispute. As to the first factor, the parties have participated in the exchange of facts and details related to Plaintiff's relationship with Veriphyr and taken into account disputes as to the classification of Mr. Tomeh, the calculation of Plaintiff's exact hours worked and potential damages at issue and in dispute herein. Specifically, Veriphyr has provided Plaintiff's counsel with email communications and internal company documents that it asserts support its defense that it never agreed to pay Mr. Tomeh a cash salary. In turn, Plaintiff's counsel has provided Veriphy's counsel with documents he believes support Mr. Tomeh's position that his annual salary was $224,000: the first, a PDF titled "Earnings in Lieu of Cash," and the second, a Veriphyr Capitalization Table dated November 15, 2019. Veriphyr contends that neither document demonstrates an agreement to pay Mr. Tomeh a cash salary, and in fact establish the opposite – that Mr. Tomeh expected to only be compensated in stock options. Defendant's counsel has responded to Plaintiff's counsel with information and documents that Veriphyr believes discredit Mr. Tomeh's reliance on the two documents and his argument that he was ever entitled to a $224,000 cash salary. Accordingly, Plaintiff recognizes that he may have difficulty proving damages regarding his annual salary and any

overtime compensation, just as Defendant recognizes it may have some exposure to Plaintiff if it misclassified him as an independent contractor, including the risk of liquidated damages and attorneys' fees.

14. Regarding the second factor, in its defense, Veriphyr asserts that it properly classified Plaintiff as an independent contractor and that the parties never agreed that Mr. Tomeh would be compensated by a cash salary. Rather, the parties agreed that Mr. Tomeh would be compensated with stock options. Veriphyr asserts that, in the unlikely event that Mr. Tomeh was an employee, Mr. Tomeh would be entitled to minimum wage for hours worked, as the parties never agreed to a salary amount. Veriphyr estimates that, to the extent Mr. Tomeh is owed minimum wages and overtime during the relevant time period, that amount does not exceed $32,000. The legal and factual disputes at issue in this matter would likely have forced the case all the way to a trial on the merits based on potentially disputed facts as to Plaintiff's classification, method of pay, and claimed hours worked.

15. As to the third factor, in negotiating the resolution amount, the parties began negotiations with retired United States Magistrate Judge William Connelly and were successful in reaching a settlement after the mediation. There was no fraud in the agreement between the parties. The parties were given an opportunity to consider the potential value of the claims, as well as the strength of Veriphyr's defenses. Plaintiff concluded the settlement amount provides a fair and reasonable resolution of his claims. Veriphyr supports this result because it eliminates the costs, uncertainties, and risks of further litigation.

16. Regarding the fourth factor, Plaintiff's counsel and Defendant's counsel are experienced in investigating, litigating, and settling employment matters, including FLSA claims. Counsel for the parties are well equipped to advise, and have advised, the parties as to the

suitability of the resolution in this case. Paragraph 9 of Plaintiff's counsel's Attorney Fee Petition, attached as Exhibit B, further addresses his experience litigating FLSA cases.

17. The fifth factor is not relevant here. Plaintiff never moved for conditional certification and this matter was never certified or conditionally certified as a collective action. Plaintiff has resolved only his claims against Veriphyr. However, to the extent the Court is interested in the opinions of counsel, counsel for both parties agree that this settlement is in their clients' best interests. Counsel for Plaintiff believes that Plaintiff has a likelihood of success, but is aware that Veriphyr is not in a strong cash position making collection of any judgment difficult. Moreover, during the course of negotiations, Defendant has asserted possible counterclaims that could serve as an offset to any recovery, as well as increase the time and resources required by Plaintiff to pursue his case. Counsel for Defendant believes that Veriphyr has a strong likelihood of success, but recognizes that it is prudent to settle early because if Veriphy is found liable even for a small amount of wages, it risks a liquidated damages award and could incur significant attorneys' fees not only from defense counsel, but under the fee-shifting provisions of the FLSA.

18. As to the sixth factor, it is difficult to estimate the probability of Plaintiffs' success on the merits, where both liability and the amount of damages are the subject of a bona fide dispute. Plaintiff recognizes that he does not have anything in writing that identifies the terms and conditions of his relationship with Veriphyr and that increases his risk of achieving an unfavorable result at trial. The parties strongly dispute whether Mr. Tomeh was an employee and his compensation arrangement. The parties exchanged informal discovery in the form of emails and internal company documents in order to arrive at a meaningful understanding of the likely evidence in the case. After reviewing the likely evidence, Mr. Tomeh recognizes that there is a significant risk that he ultimately recovers nothing at trial. Furthermore, Veriphyr has

asserted from the beginning of this matter that it has very little cash on hand and collection of any judgment will be a significant challenge for Plaintiff.

19. A resolution of an employee's FLSA claims should be approved "if the settlement does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute." *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 477 (D. Md. 2010) (internal citations omitted). Courts have recognized "a role for less-than-full-value compromise in the FLSA settlement process." *Id.* These compromises reflect many factors, including disagreements over the number of hours worked. *See id.* Here, the parties took into account the possibility that a finder of fact may determine (1) that Veriphyr did not violate the FLSA; (2) that any violation of the FLSA may be found to have been made in good faith; (3) that any violation of the FLSA may be found to not be willful; and (4) that even if successful, Plaintiff could recover less than the settlement amount.

20. Each of the foregoing issues was the subject of a *bona fide* dispute between the parties. The parties also took into consideration the uncertainty and risks in litigation involving the Court's eventual determination of whether Veriphyr properly classified Mr. Tomeh and, if not, the wages he was owed. The parties also considered the costs that each party will incur if the litigation continues. Even though the total settlement is less than the damages claimed by Mr. Tomeh, it a fair compromise of the claim. If the Court were to find that Mr. Tomeh was properly classified as an independent contractor, he would not be entitled to any damages. Or, the Court could find that Mr. Tomeh was an employee, but accept Veriphyr's argument that the most Mr. Tomeh can recover is minimum wage and overtime totaling approximately $32,000. Thus, settling his wage claim for $70,000 is fair and reasonable.

5330086.1

7

#5259113v.1

21. Even with the above voluntary agreement regarding settlement, the FLSA "requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Vicente v. Greenskeeper Landscaping & Lawn Mgmt., Inc.*, No. PWG-14-3500, 2015 WL 8328021, at *4 (D. Md. Dec. 8, 2015) (quoting *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) ("FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions.")); *see also Duprey v. Scotts Company LLC*, 30 F. Supp. 3d 404, 411-13 (D. Md. 2014). Plaintiff's counsel has maintained accurate and contemporaneous records of the work performed in this matter.[1] In now reviewing these records for the purpose of submitting this Motion, Plaintiff's counsel represents that they have incurred approximately 80 hours of attorney time in litigating this matter, which was billed at $565.00 per hour by the undersigned. Accordingly, the total attorneys' fees incurred to date approximately: $45,200.00. In addition, there has been approximately $652.00 in litigation costs incurred by Plaintiff, bringing the total fees and costs incurred to approximately $45,872.00. As such, in accepting a settlement that provides for a payment of $30,000 in attorneys' fees and costs, Plaintiff's counsel is accepting an amount which is approximately 35% less than the actual fees and costs incurred. In addition, the amount allocated for fees and costs was negotiated separately from the amounts to be paid directly to Plaintiff, and is below or within the customary range usually approved by this Court. As such, the Court should approve the proposed amount set forth for fees and costs incurred.

---

[1] While this Motion is being filed jointly by the parties, all of the representations regarding attorneys' fees and costs incurred by Plaintiff are made solely by Plaintiff and his counsel. Defendant makes no representations regarding the specific attorneys' fees and costs incurred by Plaintiff in this matter or any of the statements throughout paragraph 21 of this Motion.

WHEREFORE, in light of the foregoing, the parties jointly and respectfully request that the Court approve their settlement and dismiss this action in its entirety with prejudice.

Respectfully submitted,

_/s/ Neil S. Hyman_____
Neil S. Hyman, Esquire
Bar No. 15158
Law Office of Neil S. Hyman, LLC
4520 East West Highway, Suite 700
Bethesda, Maryland 20814
(301) 841-7105
neil@neilhymanlaw.com

*Attorney for Plaintiff*

(electronically signed with permission by Jaime W. Luse)

___/s/ Jaime W. Luse_____
Jaime W. Luse (Bar No. 27394)
Cori B. Schreider (Bar No. 21047)
Tydings & Rosenberg LLP
One East Pratt Street, Suite 901
Baltimore, Maryland 21202
Tel. (410) 752-9700
Fax (410) 727-5460
jluse@tydings.com
cschreider@tydings.com
*Attorneys for Defendant*