IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | | |
|---|---|---|
| MAJED TOMEH | * | |
|       Plaintiff | * | |
|     v. | * | Civil Case No. 8.21-cv-02914-AAQ |
| VERIPHYR, INC. | * | |
|       Defendant | * | |

## MEMORANDUM OPINION

This is a dispute over unpaid wages and overtime under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq*. Pending before the Court is a joint motion for judicial approval of settlement and dismissal ("Joint Motion") of said dispute between the parties pursuant to 29 U.S.C. § 216. For the reasons discussed below, the Joint Motion shall be GRANTED and the case will be DISMISSED.

## BACKGROUND

The parties allege that Plaintiff Majed Tomeh ("Plaintiff" or "Mr. Tomeh") provided services to Defendant Veriphyr, Inc. ("Veriphyr") from 2013 to 2020. (Joint Mot. for Judicial Approval of Settlement and Dismissal, ECF No. 23, at ¶ 1). Plaintiff alleges that he was an employee of Veriphyr from October 31, 2018 to February 29, 2020, and never received any wages for his work during this time period. (*Id.* at ¶ 2). Further, Plaintiff alleges that upon becoming a full-time employee in October 2018, in the role of Chief Financial Officer, Veriphyr agreed to pay him a base salary of $224,000, plus stock options. (*Id.*). As a result, Plaintiff originally sought $300,000 for compensatory damages, attorneys' fees, interest, costs and any and all other relief deemed appropriate by the Court pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. (Am. Compl., ECF No.19, at 3).

Veriphyr alleges that Plaintiff worked as an independent contractor at all relevant times, not an employee, and thus, is not entitled to wages or overtime under the FLSA. (ECF No. 23, at ¶ 2). In addition,

1

Veriphyr contends that no memorialization occurred of any compensation arrangement upon Plaintiff's appointment as CFO. (*Id.*). Instead, Veriphyr contends that the parties operated off Plaintiff's original agreement, outlining his role as a contractor to be paid in stock options, not a cash salary. (*Id.*). Veriphyr maintains that Plaintiff was granted additional stock option compensation for his appointment as CFO. (*Id.*). Further, Veriphyr reasons that, if Plaintiff were an employee, he would only be entitled to $31,972 based on the number of hours worked at a rate of $12 to $13 per hour. (*Id.*).

Following exchange of discovery between the parties, as well as mediation conducted before U.S. Magistrate Judge William Connelly, counsel for the parties filed a Joint Motion to Approve a Settlement on March 22, 2022.

## STANDARD OF REVIEW

When evaluating settlement agreements for approval under the FLSA, courts should approve settlements that "reflect a 'reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Saman v. LBDP, Inc.*, No. DKC-12-1083, 2013 WL 2949047, at *2 (D. Md. June 13, 2013) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982).

In making such a determination, typically, district courts in the Fourth Circuit "employ the considerations set forth by the Eleventh Circuit in Lynn's Food Stores." *Id.* at *3 (citing *Hoffman v. First Student, Inc.*, No. WDQ-06-1882, 2010 WL 1176641, at *1 (D. Md. Mar. 23, 2010); *Lopez v. NTI, LLC*, 748 F.Supp.2d 471, 478 (D. Md. 2010)). Those considerations include ensuring there is a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions," and evaluation of the following: (1) whether there are FLSA issues actually in dispute; (2) the fairness and reasonableness of the settlement in light of the relevant factors; and (3) the reasonableness of the attorneys' fees, if included in the agreement. *Id.* (citing *Lynn's Food Stores, Inc.*, 679 F.2d at 1355; *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08-1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009); *Lane v. Ko-me, LLC*, No. DKC-10-2261, 2011 WL 3880427, at *2-3 (D. Md. Aug. 31, 2011)). Evaluation of the aforementioned factors and the relevant facts follows.

**DISCUSSION**

The parties have asked the Court to approve their proposed Settlement Agreement and dismiss this case. I find that approval is proper as the Settlement Agreement presented reflects a fair and reasonable resolution of a *bona fide* dispute between the parties. In addition, the Settlement Agreement contains a reasonable award of attorneys' fees.

**A. There is a *Bona Fide* Dispute Between the Parties.**

To determine whether a *bona fide* dispute exists as to a defendant's liability under the FLSA, the Court should examine the pleadings in the case, along with representations and recitals in the proposed settlement agreement. *See Duprey v. Scotts Co. LLC*, 30 F.Supp.3d 404, 408 (D. Md. 2014) (citing *Lomascolo*, 2009 WL 3094955, at *16-17).

In their Joint Motion, the parties highlight the FLSA issues that constitute a *bona fide* dispute. To begin, Veriphyr rejects Plaintiff's claim that he was an "employee" as defined by 29 U.S.C. § 203(e). Instead, Veriphyr claims Plaintiff worked as an independent contractor whose wages and overtime are not covered under the FLSA. This disagreement constitutes a *bona fide* dispute. *See Portero v. Abuobaid*, No. DKC-14-2108, 2015 WL 1061988, at *1 (D. Md. Mar. 10, 2015) (finding a *bona fide* dispute where the parties disagreed as to whether Plaintiff was an employee or independent contractor as defined under the FLSA).

In addition, the parties disagree as to what monetary amount Plaintiff would be owed if Veriphyr were found to be liable. Plaintiff alleges $224,000 from his cash salary, in addition to stock options, while Veriphyr contends Plaintiff would only be entitled to $31,972 based on hours worked at a rate of $12 to $13 per hour. *See De La Cruz v. Chopra*, No. DKC-18-0337, 2018 WL 2298717, at *2 (D. Md. May 21, 2018) (finding a *bona fide* dispute where the parties disagreed over the proper rate of pay for time worked).

As a result, I find a *bona fide* dispute clearly exists between the parties under the FLSA.

**B. The Settlement Agreement is Fair and Reasonable.**

3

Next, in assessing whether the settlement is fair and reasonable, the Court should evaluate the following six factors: "(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense, and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of [ ] counsel…; and (6) the probability of plaintiffs' success on the merits and the amount of settlement in relation to potential recovery.'" *Saman*, 2013 WL 2949047, at *3 (quoting *Lomascolo*, 2009 WL 3094955, at *10).

To begin, the parties have engaged in discovery including the exchange of "facts and details related to Plaintiff's relationship with Veriphyr" and have considered "disputes as to the classification of Mr. Tomeh, the calculation of Plaintiff's exact hours worked and potential damages at issue and in dispute herein."  (ECF No. 23, at ¶ 13).  Through this process, both parties have been privy to documents in possession of the other to credit and discredit Plaintiff's claims while avoiding expenses, resources, and time that accompany a prolonged discovery process.  *See Galizia v. Ricos Enterprises, Inc.*, No. DKC-21-2592, 2022 WL 374511, at *2 (D. Md. Feb. 8, 2022) (finding a fair and reasonable settlement where the parties exchanged discovery and then determined further litigation would have consumed resources); *Reitzig v. Concepts to Operations, Inc.*, No. DKC-16-1271, 2016 WL 5870032, at *2 (D. Md. Oct. 7, 2016) (finding a fair and reasonable settlement where the parties agreed to settle before the end of the discovery period and had already undertaken "some formal discovery…").

As to factor two, both parties stipulate that "the legal and factual disputes at issue in this matter would likely have forced the case all the way to a trial on the merits…" (ECF No. 23, at ¶ 14).  Plaintiff's counsel has already noted over $40,000 in attorneys' fees, *id*., at ¶21, a number that will only grow exponentially if litigation were to proceed.  *See Fonseka,* 2015 WL 3863068, at *3 (finding a fair and reasonable settlement where "significant expenses would be incurred if the parties engaged in formal discovery, dispositive motions, and possible trial.").  The complexity of the case likewise points toward approval of the settlement, as a determination will need to be made not only of Veriphyr's liability, but also of the amount owed to Plaintiff if such liability is found.

4

The third factor revolves around fraud and collusion. The facts and evidence before me display no showing of fraud or collusion, and thus, I "presum[e] that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary." *Lomascolo*, 2009 WL 3094955, at *12. In addition, the parties began negotiation for settlement with U.S. Magistrate Judge William Connelly, which thereafter resulted in an agreed upon settlement. (*Id.* at ¶ 15). Judge Connelly's presence further supports the determination that fraud and collusion were absent in the formulation of this Settlement Agreement. *See Fonseka v. Alfredhouse Eldercare, Inc.*, No. GHJ-14-3498, 2015 WL 3863068, at *3 (D. Md. June 19, 2015) (finding lack of fraud and collusion where the parties reached settlement after mediation in front of a judge).

Regarding factor four, Plaintiff's counsel asserts that he has over twenty years of experience, fifteen of which have been devoted to employment law including wage and hour and unpaid wage cases. (Att'y Fee Pet., ECF No. 23-2, at ¶ 9). *See Hackett v. ADF Rest. Investments*, 259 F.Supp.3d 360, 366 (D. Md. 2016) (finding a fair and reasonable settlement where counsel had litigated numerous lawsuits involving wage and hour violations). Plaintiff's counsel has also engaged in academic authorship regarding the FLSA. (ECF No. 23-2, at ¶ 9). Thus, Plaintiff's counsel is well versed in the matters at hand and has the experience with which to advise his client on settlement.

The opinions of counsel, assessed under factor five, are clearly asserted in this matter. Counsel for both Plaintiff and Veriphyr state in their Joint Motion that this settlement is in the best interests of their clients. (ECF No. 23, at ¶ 16). Counsel for Plaintiff notes that even if Plaintiff succeeds on the merits, Veriphyr is "not in a strong cash position making collection of any judgment difficult." (*Id.* at ¶ 17). Defendant's counsel, for its part, notes that it is "prudent to settle early" given that Veriphyr could risk liquidated damage awards and attorneys' fees, even if found liable only for a "small amount of wages." (*Id.*).

Finally, factor six assesses the probability of Plaintiff's success on the merits and the amount of settlement in relation to potential recovery. Plaintiff's success on the merits depends on a resolution in his favor as to the *bona fide* dispute of both his status as an employee, and the amount of pay he is entitled to

following such a determination. Pursuant to the settlement, Plaintiff will receive $70,000 in unpaid wages. While this figure is well below his original demand, it is also well above the amount Veriphyr believes he is owed, and represents a much greater figure than a total loss of recovery if he is found to be an independent contractor. *See De La Cruz*, 2018 WL 2298717, at *2 (finding a fair and reasonable settlement after taking into consideration the fact that "losing on the issue of Defendants' FLSA liability would result in no recovery of overtime pay [for plaintiff] …"). Based on these considerations, the proportion of the amount of the settlement in relation to the potential recovery is fair and reasonable.

The Settlement Agreement before us does contain a general release of claims that exceed those specified in the Complaint. Such a release can render the Settlement Agreement unreasonable. *Duprey*, 30 F.Supp.3d at 410 (referencing *Moreno v. Regions Bank,* 729 F.Supp.2d 1346, 1352 (M.D. Fla. 2010)). However, so long as the "employee is compensated reasonably for the release executed, the settlement can be accepted" and I do not need to consider the "reasonableness of the settlement as to the non-FLSA claims." *Id.* at 411.

Taking all the aforementioned factors into account, I find the Settlement Agreement presented to be fair and reasonable.

C. **The Settlement Agreement Awards Reasonable Attorneys' Fees.**

The Settlement Agreement must also contain reasonable provisions regarding attorneys' fees. *Id.* Here, the parties have decided upon an allocation of $30,000 in attorneys' fees.

Plaintiff's counsel submitted an Attorneys' Fees Petition, ECF No. 23-2, with a contemporaneous record of work performed in this matter. This petition, and the parties Joint Motion at ¶ 21, outlines 80 hours of work at a rate of $565 per hour for a total of $45,200.00.[1] A reasonable hourly rate is one that is "'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Duprey*, 30 F.Supp.3d at 412 (quoting *Blum v. Stenson*, 465 U.S. 886, 890 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984)). This Court maintains guidelines regarding hourly rates

---

[1] Plaintiff's counsel also maintains $652.00 in unspecified litigation costs. (ECF No. 23, at ¶ 21).

in Appendix B to its Local Rules. U.S. District Court, District of Maryland, Local Rules, Appendix B (D. Md. Jul. 2021). Those guidelines indicate that a reasonable rate for an attorney with 20 years of experience is $300 to $475 per hour. *Id*. A rate of $475 per hour for 80 hours of work equates to $38,000. By accepting $30,000, Plaintiff's counsel is therefore agreeing to a discounted rate through this settlement.

In addition, the award for attorneys' fees contemplated here does not exceed the amount awarded to Plaintiff, and is, in fact, $40,000 below Plaintiff's award. *See Gionfriddo v. Jason Zink, LLC,* No. RDB-09-1733, 2012 WL 1077765, at *1 (D. Md. Mar. 29, 2012) (finding attorneys' fees to be unreasonable where the award was in excess of the amounts to be paid to individual plaintiffs). The attorneys' fees award of $30,000 is therefore reasonable and accordingly will be approved.

## CONCLUSION

For the reasons stated above, the Joint Motion for Judicial Approval of Settlement will be GRANTED and this case shall be DISMISSED with prejudice.

So ordered.

Date: May 5, 2022

                                                      /s/
                                        Ajmel A. Quereshi
                                        United States Magistrate Judge